UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| MCCLINTON ENERGY GROUP, LLC<br><br>             Plaintiff,<br><br>v.<br><br>JACKSON PARTNERS, LLC<br><br>         and<br><br>JACKSON INVESTMENTS I, LLC<br><br>             Defendants. | Case No. 7:12-CV-00048 |

## ANSWER AND COUNTERCLAIMS

Defendants Jackson Partners, LLC and Jackson Investments I, LLC (collectively, "Defendants") file this their Answer and Counterclaims to Plaintiff McClinton Energy Group, LLC's ("MEGCO" or "Plaintiff") Original Petition ("Complaint") and hereby state as follows:

### RESPONSE TO NATURE OF THE ACTION

Defendants respond to the "Nature of the Action" as contained in Plaintiff's Complaint as follows:

This paragraph is a conclusory statement to which no response is required. To the extent a response is required, Defendants admit that Jackson Partners, LLC provided Plaintiff financial advisory services in Texas and that Jackson Investments I, LLC was the recipient of the consideration paid by Plaintiff for these services. Defendants also admit that Plaintiff disputes the compensation to which Defendants are entitled. Any remaining allegations set forth in this paragraph are denied.

## RESPONSE TO DISCOVERY

Defendants respond to Plaintiff's procedural allegations as follows:

1. The allegations contained in Paragraph 1 of the Complaint constitute procedural statements to which no response is required.

## RESPONSE TO PARTIES

2. Defendants admit the allegations of Paragraph 2 of the Complaint.

3. In response to the allegations contained in Paragraph 3 of the Complaint, Defendants admit that Jackson Partners, LLC is a limited liability company and that its principal place of business is 600 Cameron Street, Alexandria, Virginia 22314. The remaining allegations of Paragraph 3 are legal conclusions or procedural statements to which no response is required.

4. In response to the allegations contained in Paragraph 4 of the Complaint, Defendants admit that Jackson Investments I, LLC is a limited liability company and that its principal place of business is 600 Cameron Street, Alexandria, Virginia 22314. The remaining allegations of Paragraph 4 are legal conclusions or procedural statements to which no response is required.

## RESPONSE TO JURISDICTION AND VENUE

5. The allegations contained in Paragraph 5 of the Complaint constitute legal conclusions to which no response is required. Furthermore, the allegations contained in Paragraph 5 of the Complaint constitute procedural statements irrelevant to this removed action.

6. The allegations contained in Paragraph 6 of the Complaint constitute legal conclusions to which no response is required. Furthermore, the allegations contained in Paragraph 6 of the Complaint constitute procedural statements irrelevant to this removed action.

7.      The allegations contained in Paragraph 7 of the Complaint constitute legal conclusions to which no response is required. Furthermore, the allegations contained in Paragraph 7 of the Complaint constitute procedural statements irrelevant to this removed action.

## RESPONSE TO STATEMENT OF FACTS

Defendants respond to Plaintiff's factual allegations as follows:

8.      Defendants admit that Ms. Whitmore and Mr. Croney are representatives of Jackson Partners, LLC. Defendants deny that Ms. Whitmore and Mr. Croney sent the final version of the document referenced in Paragraph 8 of the Complaint on October 21, 2011 and aver that they sent the final version of the document on October 27, 2011, which reflected Mr. McClinton's counter-offer to the original proposal. Defendants deny any remaining allegations of Paragraph 8 inconsistent with the referenced document's terms.

9.      Defendants admit the existence of the document referenced in Paragraph 9 of the Complaint and deny any remaining allegations of Paragraph 9 inconsistent with its terms.

10.     Defendants admit the existence of the document referenced in Paragraph 10 of the Complaint and deny any remaining allegations of Paragraph 10 inconsistent with its terms.

11.     Defendants admit the existence of the document referenced in Paragraph 11 of the Complaint and deny any remaining allegations of Paragraph 11 inconsistent with its terms.

12.     Defendants admit the allegations of Paragraph 12 of the Complaint.

13.     Defendants admit the allegations contained in the first sentence of Paragraph 13 of the Complaint. The allegations contained in the second sentence of Paragraph 13 of the Complaint constitute legal conclusions to which no response is required.

14.     Defendants deny the allegations of Paragraph 14 of the Complaint.

15. In response to the first sentence of Paragraph 15 of the Complaint, Defendants admit that in January of 2012, Jackson Investments I, LLC received an assignment of 500,000 shares of ownership (units of Membership Interest) in MEGCO, executed the assignment, and issued a check to Tony McClinton, individually, for $100.00, and deny the remaining allegations. Defendants deny the allegations contained in the second sentence of Paragraph 15 of the Complaint. The third sentence of Paragraph 15 of the Complaint is merely a statement of Plaintiff's position, which is denied.

16. In response to the first sentence of Paragraph 16 of the Complaint, Defendants admit that Jackson Investments I, LLC was given a certificate showing that it is the holder of 500,000 units of Membership Interest of MEGCO and deny the remaining allegations. Defendants deny the allegations contained in the second sentence of Paragraph 16 of the Complaint. The third sentence of Paragraph 16 of the Complaint is merely a statement of Plaintiff's position, which is denied.

17. Defendants admit that Plaintiff disputes the validity of the assignment, the certificate, the obligation to assign Defendants "5% of the fully-diluted shares of [MEGCO]", and the compensation that Jackson Partners is owed. Defendants deny the remaining allegations contained in Paragraph 17 of the Complaint.

**RESPONSE TO CAUSE OF ACTION—DECLARATORY JUDGMENT**

Defendants respond to the "Cause of Action" as contained in Plaintiff's Complaint as follows:

The allegations contained in this section of the Complaint constitute a description of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief sought.

## PRAYER

The allegations contained in this section of the Complaint constitute a description of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief sought.

Defendants deny each and every allegation not specifically addressed above.

## AFFIRMATIVE DEFENSES

1. The Complaint has failed to state a claim upon which relief can be granted.

2. The Complaint is barred in whole or in part by the grounds of waiver and/or estoppel.

3. The Complaint is barred in whole or in part by the doctrine of unclean hands.

4. The Complaint is barred by fraud.

## COUNTERCLAIMS

While preserving all defenses to the Complaint, Defendant Jackson Investments I, LLC ("Jackson Investments" or "Counterclaim-Plaintiff"), pursuant to Federal Rule of Civil Procedure 13, asserts the following counterclaims against Counterclaim-Defendant McClinton Energy Group LLC ("MEGCO" or "Counterclaim-Defendant"), and states as follows:

### PARTIES AND JURISDICTION

1. Counterclaim-Plaintiff Jackson Investments is a limited liability company organized under the laws of Delaware with a principal place of business in Alexandria, Virginia and an office in Wayne, Pennsylvania. Its sole members are James Kenneth Croney, Jr., a citizen of Pennsylvania, and Elizabeth Whitmore, a citizen of Virginia.

2. Counterclaim-Defendant MEGCO is a limited liability company organized under the laws of Texas. Its principal place of business is Odessa, Texas. Its members are individuals who are citizens of states other than Virginia and Pennsylvania.

3. There is complete diversity of citizenship between Counterclaim-Plaintiff and Counterclaim-Defendant.

4. The amount in controversy exceeds $75,000.00.

## JURISDICTION AND VENUE

5. Counterclaim-Defendant MEGCO regularly transacts business in Texas.

6. Venue lies in this district under U.S.C. § 1391(b)(3) because Counterclaim-Defendant MEGCO is subject to personal jurisdiction of this court.

## FACTS

7. MEGCO is a collection of related companies called "divisions" that operate as a single business enterprise involved in supporting drilling and "fracking" operations in Texas and elsewhere.

8. Jackson Partners, LLC ("Jackson Partners") is a small private equity firm. Its principals have extensive contacts throughout the financial industry. Jackson Investments is a vehicle created to hold investments of Jackson Partners. (Jackson Investments and Jackson Partners are collectively referred to herein as "Jackson.")

9. On October 27, 2011, Jackson Partners and MEGCO, through its representative Mr. Tony McClinton ("McClinton"), reached an agreement by which Jackson Partners was hired to help close a loan to MEGCO from Wells Fargo Bank ("Wells Fargo") and provide other financial services. Per the terms of the agreement executed among the parties, Jackson Partners was to receive for its services a cash fee of $5,000.00 per month (accruing until the closing of the Wells Fargo financing and then payable on a current basis) plus an option or grant of 5% of the units of Membership Interest of MEGCO, calculated to be 500,000 units of Membership Interest. The right to the interest in MEGCO vested upon execution of the agreement. Jackson Partners

has provided the services required of it, and until January 2012, MEGCO paid the monthly retainer.

10. Jackson Partners provided important assistance in closing the Wells Fargo loan, the completion of which was critical to MEGCO's survival. Part of that assistance was locating a sophisticated law firm to represent MEGCO after Wells Fargo rejected MEGCO's regular corporate counsel. Jackson's principals recommended a Philadelphia firm that frequently represented Jackson Partners.

11. In that process, the law firm required that McClinton confirm the issue of 500,000 units of Membership Interest in MEGCO to Jackson Investments and confirm that there was no ongoing issue between McClinton/MEGCO and Jackson regarding the membership interest. McClinton did so by executing and sending to the attorney an "Assignment," which stated that the 500,000 shares had been transferred from McClinton to Jackson Investments.

12. The representations made to the Philadelphia law firm and execution of the Assignment confirmed the agreement for services with Jackson Partners and induced Jackson's principals to assist in closing the Wells Fargo loan. That loan could not have closed on the timetable required to insure MEGCO's survival without the assistance of Jackson's principals.

13. The right of Jackson Investments to ownership of 500,000 units of Membership Interest in MEGCO was reflected in multiple documents executed by McClinton. These include:

   (a) Minutes of a November 16, 2011 special meeting of the members of MEGCO where it was resolved that "Tony D. McClinton shall transfer to Jackson Investments, 500,000 shares of ownership . . . ." These minutes bear McClinton's signature.

(b)     A certificate showing 500,000 units of Membership Interest in MEGCO were owned by Jackson. The certificate bears McClinton's signature.

(c)     An Amendment and Modification to Company Agreement of McClinton Energy Group, L.L.C., showing Jackson Investments I, LLC as a Member of MEGCO. That document bears McClinton's signature.

(d)     The Assignment referenced above acknowledging that McClinton had transferred 500,000 shares of ownership (units of Membership Interest) in MEGCO to Jackson. That document bears McClinton's signature.

14.     On information and belief, all four of the above-referenced documents were submitted to Wells Fargo as part of the loan approval process and were sworn to be valid by MEGCO and McClinton.

15.     Despite this unequivocal evidence, MEGCO has denied Jackson Investments' ownership interest in MEGCO, and MEGCO has allegedly passed resolutions purporting to void the transfer.

## COUNT I
### (Declaratory Judgment)

16.     Counterclaim-Plaintiff realleges the allegations of paragraphs 1 to 15 as though set forth fully herein.

17.     An actual controversy exists between Jackson Investments on the one hand and MEGCO on the other with respect to Jackson's ownership of 500,000 units of Membership Interest in MEGCO.

18.     Jackson Investments is entitled to a declaratory judgment to establish its rights.

WHEREFORE, Jackson Investments asks for a declaration that it is the owner of 500,000 units of Membership Interest in MEGCO.

Jackson Answer and Counterclaims.doc

## COUNT II
### (Specific Performance)

19.     Counterclaim-Plaintiff realleges the allegations of paragraphs 1 to 18 as though set forth fully herein.

20.     MEGCO breached the Agreement of October 27, 2011 with Jackson Partners and breached the Assignment by refusing to recognize the validity of the Assignment and to accord Jackson Investments the rights of a member of MEGCO.

WHEREFORE, Jackson Investments requests a decree of specific performance requiring MEGCO to take all actions necessary to (1) effectuate Jackson Investments' membership interest, including registration of the ownership in the books and records of MEGCO, (2) void any corporate resolution or other action inconsistent with Jackson Investments' membership interest, and (3) afford Jackson Investments all the rights and privileges of other members of MEGCO.

Dated: June 14, 2012                    Respectfully submitted,


                                        /s/ Samuel E. Stubbs
                                        Samuel E. Stubbs
                                        Texas Bar No.19434500
                                        Laura Schut
                                        Texas Bar No. 24061306
                                        PILLSBURY WINTHROP SHAW PITTMAN LLP
                                        Two Houston Center
                                        909 Fannin, Suite 2000
                                        Houston, TX 77010-1018
                                        Telephone: (713) 276-7645
                                        Facsimile: (281) 582-6473
                                        sam.stubbs@pillsburylaw.com
                                        laura.schut@pillsburylaw.com

                                        *Counsel for Defendants Jackson Partners, LLC
                                        and Jackson Investments I, LLC*

Jackson Answer and Counterclaims.doc

OF COUNSEL:

Jack McKay
Alison B. Rousseau
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, DC  20037-1122
Telephone: (202) 663-8000
Facsimile: (202) 663-8007
jack.mckay@pillsburylaw.com
alison.rousseau@pillsburylaw.com

Jackson Answer and Counterclaims.doc

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of June 2012, the foregoing Answer and Counterclaims was served electronically using the CM/ECF system, which sent notification of such filing.

/s/ Samuel E. Stubbs
Samuel E. Stubbs